# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

TYREE POLLARD,

                Petitioner,

v.

UNITED STATES OF AMERICA,

                Respondent.

Case No. 16-CV-671-JPS
Criminal Case No. 07-CR-9-JPS

**ORDER**

On June 6, 2016, Petitioner Tyree Pollard ("Pollard") filed a motion pursuant to 28 U.S.C. § 2255, asserting that his conviction and sentence were imposed in violation of the Constitution. (Docket #1). The case was stayed pending resolution of several relevant appeals in the Seventh Circuit. (Docket #2). Those appeals have been resolved, so the Court will lift the stay and proceed to screening Pollard's motion under Rule 4 of the Rules Governing Section 2255 Proceedings, which requires the Court to promptly examine Pollard's motion and dismiss it "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that [Pollard] is not entitled to relief."

On July 28, 2007, Pollard was convicted of being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g) and 924(e)(1). He was sentenced to 15 years of incarceration, to run concurrently with a sentence he was serving in connection with revocation proceedings in Kenosha County Circuit Court Case No. 2002-CF-580. At sentencing, the Court found that Pollard qualified for an enhanced penalty under the Armed Career Criminals

Act ("ACCA"), 18 U.S.C. § 924(e)(1), because he had committed three prior state narcotics offenses. Those offenses had all been prosecuted in Case No. 2002-CF-580. The ACCA supplied the Court with a mandatory minimum sentence of 15 years, *see id.*, which is all the Court imposed.

At sentencing, Pollard objected to the application of the ACCA, arguing that his state-court drug offenses resulted from a single prosecution and therefore were not committed "on occasions different from one another" as required by the statute. *Id.* Pollard further contended that counting ACCA predicate offenses should be consistent with the U.S. Sentencing Guidelines' approach to calculating a defendant's criminal history category. That determination focuses on whether the defendant's prior crimes were "related," *see* U.S.S.G. § 4A1.2(a)(2), and, according to Pollard, his offenses in Case No. 2002-CF-580 would have met this standard and been counted as a single prior sentence for Guidelines purposes.

These arguments failed to convince either this Court or the Court of Appeals on Pollard's direct appeal. In considering a different-occasions argument like Pollard's, a court must determine whether the offenses, though charged in the same case, arose from a "separate and distinct criminal episode," thereby giving the defendant the chance to abandon his criminal enterprise before moving on to the next crime. *United States v. Hudspeth*, 42 F.3d 1015, 1019–21 (7th Cir. 1994). Relevant considerations include whether the crimes occurred at different times and in different places. *See id.* The Seventh Circuit concluded that "Pollard's case is not even a close call" under this standard, since although the drug offenses all took place at Pollard's home, they occurred weeks apart from each other. (Case No. 07-CR-9, Docket

#37).

In the instant motion, Pollard resurrects this argument and combines it with an argument arising under the Supreme Court's decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015). As to the revived different-occasions argument, Pollard offers no new reasoning, nor any citation to authority, showing that his circumstances or the applicable rules have changed. *See* (Docket #1 at 3). He seems to simply disagree with the prior rulings of this Court and the Court of Appeals. *See id.* His claim is, therefore, procedurally barred. *Varela v. United States*, 481 F.3d 932, 935 (7th Cir. 2007) ("A § 2255 motion is 'neither a recapitulation of nor a substitute for a direct appeal.'") (quoting *McCleese v. United States*, 75 F.3d 1174, 1177 (7th Cir. 1996)); *Olmstead v. United States*, 55 F.3d 316, 319 (7th Cir. 1995).

In any event, the claim could not succeed on the merits. The Seventh Circuit in *Hudspeth* found that even a few minutes' time may suffice to separate two crimes for purposes of the ACCA, and here Pollard had weeks to reconsider his determination to engage in criminal conduct between each of his narcotics offenses. *Hudspeth*, 42 F.3d at 1019–20; *United States v. Elliot*, 703 F.3d 378, 384 (7th Cir. 2012) (finding that three burglaries committed over a period of five days, with one day in between each, constituted separate offenses for ACCA purposes). Moreover, Pollard's emphasis on the Guidelines approach to criminal history calculations remains unconvincing, as the ACCA sets forth a different analytical standard. *See United States v. Hobbs*, 136 F.3d 384, 388 (4th Cir. 1998); *United States v. Medina-Gutierrez*, 980 F.2d 980, 983 (5th Cir. 1992); *United States v. Burton*, 327 F. App'x 666, 666 (7th Cir. 2009). Contrary to Pollard's view, there is no ambiguity present between

the Guidelines and the ACCA; they have nothing to do with each other. *United States v. Maxey*, 989 F.3d 303, 307 (9th Cir. 1993). And even if there was an error in calculating Pollard's criminal history category under the Guidelines, it would be of no moment, as he received nothing more than the mandatory 15-year minimum sentence provided in the ACCA. 18 U.S.C. § 924(e)(1); *Glover v. United States*, 531 U.S. 198, 204 (2001) (finding that Guidelines error resulting in longer sentence constitutes prejudice). As a result, this argument, had it been properly placed before the Court, would afford Pollard no relief.

As to Pollard's *Johnson* claim, it fails because the rule in *Johnson* has no effect on his sentence. The ACCA provides, in relevant part, that an offender qualifies for its enhanced penalty provisions if he "has three previous convictions by any court referred to in section 922(g)(1) of this title for a violent felony or a serious drug offense, or both, committed on occasions different from one another." 18 U.S.C. § 924(e)(1). A "serious drug offense" under the ACCA includes "an offense under State law, involving manufacturing, distributing, or possessing with intent to manufacture or distribute, a controlled substance. . .for which a maximum term of imprisonment of ten years or more is prescribed by law." *Id.* § 924(e)(2)(A)(ii). The statute defines a "violent felony" as an offense that "(i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or (ii) is burglary, arson, or extortion, involves use of explosives, *or otherwise involves conduct that presents a serious potential risk of physical injury to another*." *Id.* § 924(e)(2)(B) (emphasis added).

In *Johnson*, the Supreme Court found that the emphasized portion of the above definition, known as the "residual" clause, was unconstitutionally vague. *Johnson*, 135 S. Ct. at 2560. This holding has no relation to Pollard's case, since all three of his predicate convictions for ACCA purposes were state narcotics offenses, not violent felonies. Moreover, each of those offenses meets the statutory definition for "serious drug offense," and Pollard makes no attempt to argue otherwise. *See* (Docket #1-1 at 2); Wis. Stat. §§ 461.41, 939.50. Thus, the ACCA's residual clause was not applicable to Pollard's case, and the fact that *Johnson* invalidated that clause is equally irrelevant.[1] The ACCA was constitutionally applied to Pollard, and his motion therefore offers no viable ground for habeas relief. As a result, the motion will be denied.

Finally, under Rule 11(a) of the Rules Governing Section 2255 Cases, "the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." To obtain a certificate of appealability under 28 U.S.C. § 2253(c)(2), Pollard must make a "substantial showing of the denial of a constitutional right" by establishing that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further."

---

[1] Pollard suggests that the invalidation of the residual clause was a "bad apple" that spoiled the entire ACCA. (Docket #1 at 2). As far as this Court is aware, no court has ever adopted this view. In fact, in relation to 18 U.S.C. § 924(c)(3), the Seventh Circuit has invalidated a residual clause identical to the one in the ACCA while still applying the other clauses of that subsection. *See United States v. Cardena*, 842 F.3d 959, 995–95 (7th Cir. 2016); *United States v. Armour*, 840 F.3d 904, 908–09 (7th Cir. 2016). Thus, this argument is without merit.

*Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal citations omitted). Further, when the Court has denied relief on procedural grounds, the petitioner must show that jurists of reason would find it debatable both that the "petition states a valid claim of the denial of a constitutional right" and that "the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). In light of the clear precedent, detailed above, that forecloses Pollard's arguments, the Court cannot fairly conclude that reasonable jurists would debate whether his motion should be decided differently; as a consequence, the Court must deny him a certificate of appealability.

The Court closes with some information about the actions that Pollard may take if he wishes to challenge the Court's resolution of this case. This order and the judgment to follow are final. A dissatisfied party may appeal this Court's decision to the Court of Appeals for the Seventh Circuit by filing in this Court a notice of appeal within thirty days of the entry of judgment. *See* Fed. R. App. P. 3, 4. This Court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the 30-day deadline. *See id.* 4(a)(5)(A). Moreover, under certain circumstances, a party may ask this Court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within 28 days of the entry of judgment. The Court cannot extend this deadline. *See* Fed. R. Civ. P. 6(b)(2). Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of

the judgment. The Court cannot extend this deadline. *Id.* A party is expected to closely review all applicable rules and determine what, if any, further action is appropriate in a case.

Accordingly,

**IT IS ORDERED** that the stay in this matter be and the same is hereby **LIFTED**;

**IT IS FURTHER ORDERED** that Petitioner's motion to vacate, set aside, or correct his sentence pursuant to Section 2255 (Docket #1) be and the same is hereby **DENIED**;

**IT IS FURTHER ORDERED** that this action be and same is hereby **DISMISSED with prejudice**; and

**IT IS FURTHER ORDERED** that a certificate of appealability be and the same is hereby **DENIED**.

The Clerk of Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 26th day of April, 2017.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge